THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RANDAL ADOLFO RAMIREZ,

Petitioner,

v.                                                           CIVIL ACTION NO.   3:26-cv-00390

DAVID VENTURELLA, et al.,

Respondents.

ORDER

On May 29, 2026, Petitioner Randal Adolfo Ramirez was arrested on one criminal misdemeanor for driving under the influence. The magistrate granted bail, but Petitioner's bail was not paid until June 8, 2026, when he obtained counsel and appeared in Cabell County Court. Finally having paid bail, Petitioner remained in custody, allegedly "at the request of Immigration and Customs Enforcement." [ECF No. 1, at 5]. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1].

That same day, June 8, 2026, the court ordered Respondents to show cause why the petition should be not granted. [ECF No. 6]. Respondents responded, [ECF No. 10], and moved to dismiss the petition for mootness or alternatively to hold the matter in abeyance, [ECF No. 7]. Respondents assert that on June 9, 2026, the ICE detainer on Petitioner was lifted, "Petitioner was released from Western Regional Jail without being processed by ICE and without conditions, save any conditions imposed by the state bond." [ECF No. 8, at 2–3] (the ICE detainer stamped "LIFTED"). Petitioner replied on June 24, 2026.

Here, because Petitioner is no longer in custody and does not now face civil immigration detention, his petition must be denied. Article III of the United States Constitution limits the judicial power of the federal courts to "Cases" and "Controversies." Art. III, § 2. "And '"[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Petitioner challenges his continued "incarcerat[ion] solely due to the [ICE] detainer." [ECF No. 1, ¶ 4]. And he seeks relief that "lies at the core of the writ of habeas corpus." *Id.* He does not challenge the grounds of his arrest or charged misdemeanor of drinking under the influence in violation of state law, nor does he challenge the bail set and paid for in his case.

Considering this, the court finds that there is no detention to free the Petitioner from and no habeas relief to grant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (After release, some "collateral consequence . . . must exist if the suit is to be maintained."). The Petitioner has been released from custody and the ICE detainer against him lifted, [ECF No. 7-1]. Whatever authority the state retains over him, as part of his conditions of bail, remains unchallenged and is not appropriate for this court to adjudicate. Similarly, the court declines to issue an advisory opinion on the actions federal agencies may take against this particular Petitioner after the resolution of his state charge.[1] Respondents, however, would be well-reminded of this district's repeated and exhaustive opinions interpreting the civil immigration code to prevent the baseless and prolonged detentions that have plagued the district.[2]

---

[1] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions.").

[2] *See Izaguirre v. Mason*, No. 2:26-cv-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.) ("The Government is wrong. Judges in this district have said that over and over and over again.") (collecting cases) (footnotes omitted).

The court also notes that the Petition for Habas Corpus was filed the same morning that Petitioner's state bail was paid. [ECF No. 1, ¶ 17]. This is not the case of prolonged detention that the court observed earlier in the year. Nonetheless, the practice of federal agents pursuing noncitizens, detaining them, and then transporting them out of the district continues to frustrate the judicial system and tarnish the credibility of all agents and lawyers involved. *Cruz-Cruz v. Venturella*, No. 3:26-cv-00404, [ECF No. 10, at 2] (S.D. W. Va. June 22, 2026) (Johnston, J.) ("The copy and paste response of the same, rejected arguments erodes the public trust in the Government attorneys tasked with upholding the rule of law and ensuring that the laws be faithfully executed. . . . Even worse, ICE's continued unconstitutional conduct despite repeated judicial findings of illegality erodes the public's respect for the law itself." (quotation omitted)).

In this case, however, the immigration detainer against the Petitioner has been lifted, and he will be subject to the normal procedures of a state misdemeanor charge. As such, Respondents' Motion to Dismiss, **[ECF No. 7]**, is **GRANTED**; the Petition, **[ECF No. 1],** is **DISMISSED**; and the case shall be closed and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:      July 1, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3